UNITED STATES of America,

v.

**Mason K. YU, Jr., Defendant.**

**No. 90 Cr. 756 (RPP).**

United States District Court,
S.D. New York.

Jan. 14, 1991.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City by Guy Petrillo, Asst. U.S. Atty., for the Government.

Lewisohn, Eisenberger & Fuchs, New York City by Jeffrey L. Lewisohn, for defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendant Mason K. Yu, Jr. ("Yu") was charged in an indictment filed on November 9, 1990 with two counts of making false statements in violation of 18 U.S.C. § 1001. Yu now moves to suppress (1) two New York City Police Department Firearms Disposition/Registration Certificates (hereinafter "firearms registration certificates") and one firearms sales receipt seized during a search of his apartment on August 24, 1990 on the grounds that the seizure exceeded the scope of the search warrant; and (2) two Bureau of Alcohol, Tobacco and Firearms ("ATF") Firearms Transaction Records obtained as a result of the aforementioned seizure. For the reasons set forth below, defendant's motion is denied.

## BACKGROUND

On August 23, 1990 Yu was arrested in his apartment in Forest Hills, Queens by United States Postal Inspector William E. Kezer ("Inspector Kezer") on a complaint filed before Magistrate Francis the previous day charging Yu with one count of wire fraud in violation of 18 U.S.C. § 1343. *Id.* ¶¶ 4–5. The complaint alleged that Yu transmitted or caused to be transmitted in interstate commerce various writings to Dell Computer Corporation ("Dell") as part of a scheme to obtain computer equipment from Dell by false pretenses. *Id.*, Exh. A. Upon arresting Yu, Inspector Kezer and the accompanying officers conducted a protective sweep of Yu's apartment during which Inspector Kezer noted the presence of two shotguns and an automatic rifle in open view leaning against the wall and on the floor. *Id.* ¶ 5.

That same day Inspector Kezer began preparing an affidavit in application for a search warrant for the apartment. The final version of that affidavit states in relevant part:

1. . . . . I make this application in support of the Government's application for a warrant to search the premises ... and to seize the following items: ...; and other property, documents and things which constitute evidence of the commission of or are designed or intended as a means of violating of [sic] the federal wire fraud statute and firearms statute.
. . . .
8. Based on the foregoing facts, there is probable cause to believe that, within the premises ... are located those items described in paragraph 1 above, which items constitute evidence, fruits, and/or violations of Title 18, United States Code, Sections 1343 and 922(g).

. . . .

WHEREFORE, deponent prays that a warrant be issued pursuant to Rule 41 of the Federal Rules of Criminal Procedure, to search the premises . . . and therein to search for and seize: . . .; and other property, documents and things which constitute evidence of the commission of or are designed or intended as a means of violating the federal wire fraud statute.

Kezer Aff., Exh. B at 1–2 & 5–6.[1]

On August 24, 1990, before Inspector Kezer submitted his search warrant application for approval, David Williams, defendant's probation officer, told Kezer that Yu had stated in a phone conversation with Williams earlier that day that Yu had thrown the two shotguns and the rifle into the Harlem River. Kezer Aff. ¶ 7. The record does not indicate why that information was not included in Inspector Kezer's search warrant affidavit.[2]

That afternoon, upon receiving Inspector Kezer's application, Magistrate Caden in the Eastern District of New York issued a search warrant authorizing federal agents to search for and seize the following items in Yu's apartment, number 15P, located at 104–40 Queens Boulevard in Queens, New York:

Computer, electronic and technical equipment; including computer hardware and software, manuals and other computer, electronic and technical literature; purchase orders, invoices, shipping receipts, payment records and other documents relating to the purchase and/or delivery of computer, electronic and technical equipment and literature; weapons and

ammunition; and other property, documents and things which constitute evidence of the commission of or are designed or intended as a means of violating the federal wire fraud statute.

Kezer Aff., Exh. B.

Inspector Kezer states in an affidavit submitted in opposition to this motion that at the time the warrant was issued, he had not noticed the discrepancy between the two alleged statutory violations referred to in paragraph 1 of his search warrant affidavit and the single statutory violation referred to in the wherefore clause. Kezer Aff. ¶ 9. Inspector Kezer states that at that time, he believed that the warrant authorized him to search for and seize documentary and tangible evidence of possible violations of both the wire fraud and firearms statutes. *Id.* ¶ 10.

Upon searching Yu's apartment on the afternoon of August 24, 1990, Inspector Kezer and the accompanying postal inspectors failed to find the three guns he had seen there the previous day. *Id.* ¶ 12. While searching a desk drawer, the other postal inspectors accompanying Kezer found two New York City Police Department Disposition/Registration Certificates, reflecting defendant's purchase of a Colt rifle and a Mossberg 12–gauge shotgun in July 1990 from Zirmo Co., Inc. ("Zirmo") of New York, New York, and one sales receipt from Zirmo dated June 18, 1990 showing purchase of a Colt rifle, three boxes of ammunition and one cleaning kit. Kezer Aff., Exh. C. All three documents were found loose in the drawer and none was in a folder or envelope. *Id.* ¶ 12. Inspector

---

**1.** It shall be unlawful for any person—
 (1) who has been convicted in any court of, a crime punishable by imprisonment for a term *exceeding one year;*

 . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
 18 U.S.C. § 922(g) (1988).

**2.** Counsel for defendant argues that the conversation between Williams and the defendant oc-

curred on August 28, 1990. Reply Aff. of Jeffrey Lewisohn dated January 2, 1990 at 2. However, this statement is disregarded since no affidavit was submitted stating personal knowledge as to this conversation.

Counsel for defendant also refers the Court to the "U.S. Probation Office Monthly Supervision Report for the Month of Aug., 1990" filled out by Yu on August 28, 1990 in which he answered "Yes" to the question, "Did you possess or have access to a firearm?" and stated that the reason was "Collecting." Lewisohn Aff., Exh. A.

Kezer directed the searching officers to seize all three documents. *Id.*

The indictment filed in this case charges Yu with making false statements by reporting on July 18 and 27, 1990 on ATF Firearms Transaction Records he filed with the U.S. Department of the Treasury that he had not been convicted of a felony when he had in fact been convicted of a felony offense.[3]

## DISCUSSION

Defendant does not challenge the validity of the search warrant or the constitutionality of the search conducted pursuant thereto; instead, he claims that the Government obtained certain evidence in this case through an unconstitutional seizure at the time of the search. Defendant seeks to suppress the firearms registration certificates and sales receipt seized during the search on the grounds that the seizure unlawfully exceeded the scope of the search warrant. He argues that the search warrant by its express terms extended only to "weapons and ammunition" and documents constituting evidence of violation of "the federal wire fraud statute" and thus the warrant failed to authorize the seizure of documents concerning violations of the firearms statute. Defendant also seeks to suppress the ATF Firearms Transaction Records referred to in the indictment in this case as fruits of an unlawful seizure.

The Fourth Amendment provides in relevant part:

[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing*

the place to be searched, and the persons or *things to be seized.*

U.S. Const. amend. IV (emphasis added).

The Government seeks to justify the seizure on two separate grounds, namely, the plain view exception to the warrant requirement and the good faith exception to the exclusionary rule.

### 1. Plain View

 The plain view exception to the warrant requirement "authorizes seizure of illegal or evidentiary items visible to a police officer whose access has some prior Fourth Amendment justification and who has probable cause to suspect that the item is connected with criminal activity." *United States v. Jenkins*, 876 F.2d 1085, 1088 (2d Cir.1989) (citations omitted). Warrantless seizure of an item is justified under the plain view exception where (1) the police have lawful access to the place from which the item can be plainly viewed; (2) the item seized is in fact in plain view at the time it is discovered; and (3) it is "immediately apparent" to the police at the time of discovery that the item constitutes evidence of, an instrumentality of or fruit of a crime.[4] *See Horton v. California*, —— U.S. ——, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112 (1990) (overruling the requirement of inadvertent discovery under *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)).[5]

The rationale for *Horton* is that the Fourth Amendment's prohibition on general warrants and searches serves primarily to protect privacy interests which are not at stake when an officer with a lawful right of access to an item seizes it without a warrant. *Id.* 110 S.Ct. at 2310. *See*

---

3. In January 1990, Mason K. Yu had pled guilty a felony information charging him with violating the federal wire fraud statute, 18 U.S.C. § 1343 (1988), and was sentenced to home detention, three years' probation and community service. That information alleged that Yu had ordered certain computer equipment valued at $70,000 under an assumed name and had paid for the equipment upon delivery with fraudulent certified checks drawn on an account Yu knew to be closed. Kezer Aff. ¶ 3.

4. Stated another way, the third requirement is that the police must have probable cause to

believe that the item in plain view constitutes evidence of, an instrumentality of or a fruit of a crime. *See Arizona v. Hicks*, 480 U.S. 321, 326–27, 107 S.Ct. 1149, 1153–54, 94 L.Ed.2d 347 (1987).

5. In *Horton*, the officer's search warrant affidavit referred to "weapons" and "proceeds," whereas the search warrant obtained listed only "proceeds." The Supreme Court refused to suppress weapons which were seized during the search. *Id.* (7–2 decision).

*Segura v. United States,* 468 U.S. 796, 810, 104 S.Ct. 3380, 3388, 82 L.Ed.2d 599 (1984) ("[A] seizure affects only possessory interests, not privacy interests."); *Coolidge,* 403 U.S. at 467, 91 S.Ct. at 2039 ("[S]eizure of an item in plain view ... does not convert the search into a general or exploratory one.").

■ In this case the first two requirements of the plain view exception as explicated by *Horton v. California, supra,* were plainly satisfied. At a minimum, the search warrant authorized the officers to search defendant's premises including furniture drawers for documents evidencing wire fraud violations and in lawfully searching a desk drawer the officers discovered the registration certificates and the sales receipt loose in the drawer. *See United States v. Ross,* 456 U.S. 798, 820–21, 102 S.Ct. 2157, 2170–71, 72 L.Ed.2d 572 (1982) ("A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found.... Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found."); *United States v. Riley,* 906 F.2d 841, 845 (2d Cir.1990) ("[A] warrant authorizing seizure of records of criminal activity permits officers to examine many papers in a suspect's possession to determine if they are within the described category.").

Under *Horton,* all that is necessary to meet the third requirement of the plain view exception is that it must have been immediately apparent to Inspector Kezer and the other officers upon discovery of the registration certificates and the sales receipt that these documents constituted evidence of commission of a crime. The Government contends that Inspector Kezer's knowledge of defendant's statement to his probation officer that he had disposed of the three guns present in his apartment at the time of his arrest, combined with Kezer's failure to find the weapons in the apartment at the time of the search, gave the officers probable cause to believe that the documents found were evidence of de-

fendant's earlier possession of the firearms in violation of the law. Government's Mem. of Law in Opp. filed December 26, 1990 at 11–12 (hereinafter "Government's Mem."). The Court agrees. The facts known to Inspector Kezer at the time of the seizure provided him with ample probable cause to believe that a violation of 18 U.S.C. § 922(g) had occurred and that the firearms registration certificates and the sales receipt were evidence of such a violation. *See Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (probable cause need only be a "fair probability" under the totality of circumstances confronting the officer); *United States v. Hernandez,* 738 F.Supp. 779, 783 (S.D.N.Y. 1990) (Mukasey, J.) (warrantless seizure proper where items were in plain view and officers had probable cause to believe they constituted evidence of a crime, albeit not the crime for which defendant was being arrested) (citing *Horton* ). Accordingly, seizure of the registration certificates and the sales receipt although not provided for in the warrant was justified and defendant's motion to suppress the three documents is denied.

Because the registration certificates and the sales receipt were lawfully seized, the ATF Firearms Transaction Records referred to in the indictment and located through use of the seized documents are not excludable as fruits. The issue in applying the "fruit of the poisonous tree" doctrine under the exclusionary rule is " 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' " *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963). Since there was no primary illegality involved in seizing the registration certificates and the sales receipt, the Court accordingly denies defendant's motion to suppress the ATF Firearms Transaction Records.

2. Good Faith

■ The Government also urges application of the good faith exception to the

 

exclusionary rule, *see United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), as alternative grounds for denying defendant's motion. The good faith exception, where applicable, prevents suppression of evidence seized by officers who reasonably relied on a facially valid search warrant which is later invalidated. *Id.* at 922, 104 S.Ct. at 3420.

■ The Government's position is that Inspector Kezer seized the firearms registration certificates and the sales receipt in good faith because he reasonably relied on a warrant which he believed authorized the seizure, when in fact the warrant did not do so on its face because it issued based on an affidavit whose wherefore clause contained an error. The Government asserts in its papers that reference in the wherefore clause of Inspector Kezer's search warrant affidavit to the firearms statute was "inexplicably dropped," Government's Mem. at 15; that Inspector Kezer's affidavit was "improperly typed," *id.* at 16; and that Inspector Kezer's failure to notice that the reference had been dropped was a reasonable proofreading error.

On these facts, the seizure challenged in this action meets the test of good faith. Defendant does not claim that Inspector Kezer knowingly or recklessly conveyed false information in his affidavit in order to mislead the judge issuing the search warrant. *Cf. United States v. Londono*, 659 F.Supp. 758, 763–64 (E.D.N.Y.1987), *aff'd sub nom. United States v. Carmona*, 858 F.2d 66 (2d Cir.1988). Defendant's argument that Inspector Kezer identified errors in his search warrant affidavit only "after the fact" of the search and seizure is rejected. Omission of the words "firearms statute" from the last phrase of the search warrant—where those words plainly appeared elsewhere in the affidavit—was not an error of which a reasonable officer under pressure of his duties should have been aware. *See United States v. Riley*, 906 F.2d at 846. Suppression is not warranted in this case because the scope of the search was not enlarged by the omission of any reference to the seized items in the warrant. *See Horton v. California*, 110 S.Ct. at 2310.

In conclusion, defendant's motion to suppress is denied in its entirety. All counsel are to appear for a pretrial conference on Friday, January 25, 1990 in the designated courtroom.

IT IS SO ORDERED.